E. P. COVINGTON, Guardian of H. B. COVINGTON and others *v.* ELIZA J. COVINGTON.

Where in a special proceeding for partition issues of fact were raised by the pleadings: *It was held* to be error to refuse a motion to submit the issues so raised to a jury for decision.

Petition for partition, heard before *Buxton, J.,* at Spring Term, 1875, Richmond Superior Court.

The petition alleged that the plaintiff was the guardian of H. B. Covington and John P. Covington, and that his wards are tenants in common with Virginia Covington, of a tract or parcel of land in the town of Rockingham known as the John P. Covington Store house and lot, and now occupied by Covington, Everett & Co. Said lot descended to the wards of the plaintiff and their co-tenants in common from John P. Covington, deceased, as his heirs at law. The defendant, Eliza J. Covington, is the widow of the said John P. Covington, deceased, and is entitled to dower in said lot. The said Eliza is a non-resident of this State. Actual partition cannot be made without injury to the interests of the parties interested in the same.

The complaint prayed that the said land might be sold, and that the value of an annuity of six per cent. on one-third of the nett proceeds paid to the defendant during her life, and the remainder be paid to the tenants in common, each one-third part in severalty.

Service of summons was duly made by publication, and the defendant failing to appear, it was ordered by the Court that the land be sold for cash, in accordance with an affidavit filed by the plaintiff that it was for the interest of the parties concerned that it should be sold for cash.

In accordance with the order of Court directing the sale, the land was sold, and Covington, Everett & Co., became the purchasers at $3,500.

Afterwards the report of the Commissioner for the sale of the land was confirmed, and it was decreed that $756.50 be

paid to the defendant as an annuity during her life, in lieu of her dower in said land.

On the 27th of February, 1873, an affidavit was filed in the cause by E. P. Covington, for himself, as guardian of John P. Covington, and W. J. Everett for Covington, Everett & Co., alleging among other things that " on the 6th day of July, 1872, D. Stewart (Commissioner) offered said property for sale when and where Covington, Everett & Co., became the last and highest bidders in the sum of thirty five hundred dollars, and complied with the terms of sale by paying the purchase money. That said sale was confirmed on the 25th day of July, 1872, by the Probate Court of said county, and approved 5th day of August, 1872, by Hon. R. P. Buxton, Judge of the 5th District, &c., and that in August, 1872, D. Stewart, Commissioner as aforesaid, executed a deed to Covington, Everett & Co., conveying all the interest of John P. Covington, dec'd., in and to said lot. That said lot was sold and bought, all parties believing that the same was the sole and entire property of the heirs-at-law of John P. Covington, deceased, and that his widow was entitled to dower in the whole of said lot, and that the purchasers believed they were getting title in fee to the whole of said lot. That since the making of said deed to Covington Everett & Co., and within twelve months since said sale was confirmed, they have discovered that one undivided one half of said lot belongs to E. P. Covington, J. W. Covington, Thomas Covington, William Covington, Mary A. Bostick and Nancy W. Ellerbee, wife of M. Ellerbee, as heirs-at-law of W. L. Covington, deceased, and that the heirs-at-law of John P. Covington, deceased, owned but one undivided half of said lot, notwithstanding the whole lot was sold as belonging to them. That the purchasers were deceived and mistaken with regard to the interest in said property of John P. Covington's heirs-at-law. That E. J. Covington is not a resident of this State. That H. B. Covington is not a resident of this State. Wherefore these affiants pray that a notice may issue to Alexander Stewart and wife Virginia Stewart, formerly Vir-

ginia Covington, notifying them to appear before the Clerk of the Superior Court of Richmond county, at his office in Rockingham, on Saturday, the third day of May, 1873, and that publication be made for E. J. Covington and H. B. Covington, non-residents, for six successive weeks in the Pee Dee *Courier*, a newspaper published in the town of Rockingham, notifying them to be and appear before said Clerk at said time and place, and show cause why the purchase money should not be refunded, and the aforesaid heirs at-law be made parties to the petition for sale of said lot of land, and such other proceedings had as will protect the rights of the purchasers of said lot of land, and all parties having an interest therein.

The defendants, Alexander Stewart and Virginia Stewart, having been summoned in pursuance of the above motion, filed an answer, in which, among other things, they alleged, upon information and belief, that the firm of Covington, Everett & Co. knew when they purchased said property that there was no deed recorded in the office of the Register of Deeds of the county of Richmond, which conveyed, or purported to convey the land in question to W. L. Covington and John P. Covington, or either of them. And they believe, further, that the said firm, or some one or more of the members thereof, did know the existence of what purports to be a deed from George S. Hubbard to W. L. and J. P. Covington, made some time in the year 1839, upon an alleged recent discovery of which the said parties and others, the heirs at-law of W. L. Covington, base their claim for the relief demanded in the petition ;

That they are informed and believe that the firm of Covington, Everett & Co. consists of the following persons, to-wit : Edwin P. Covington, John W. Covington, who are the sons of William L. Covington, deceased, William J. Everett and Stephen W. Webb ; Edwin P. Covington is the executor of William L. Covington, and is also guardian of John P. Covington, and was guardian of H. B. Covington and Virginia Covington, now Virginia Stewart, one of your affiants ;

COVINGTON, Guardian, *et al. v.* COVINGTON.

They are informed and believe that John P. Covington and those who claim under him, have been in the sole enjoyment and possession of the property in dispute for a great number of years, to wit, over twenty years, without any claim from William L. Covington, or any one claiming under him, who are under no disability to assert their claim, if any existed. During this time John P. Covington, and those claiming under him, were in the sole pernancy of the profits of said land and the rents thereof, without any claim to a participation therein, by the said William L. Covington or those who claim under him ; That Edwin P. Covington himself, for several years before the year 1862, as tenant of said land to the heirs of John P. Covington, paid rent therefor to the guardian of said minors and to the agent of the widow; that John W. Leak & Co., of which firm Edwin P. Covington was a partner, also paid rent for the said land to the said guardian and agent. Edwin P. Covington, guardian of the minor heirs of John P. Covington, in his account made to the Probate Court, May 10th, 1872, charged himself with rents received from the property in dispute. Many years ago, W. L. Covington substantially disclaimed any interest or title in and to said land, and in pursuance of what the affiants believe to have been a mutual understanding of the parties as to their rights and interest in said property, John P. Covington rendered the same for taxation as his sole property as far back as the year 1842, and paid the taxes on the same during his life, and since his death the taxes have been paid by his representatives.

The affiants therefore prayed that they be discharged and recover costs, &c.

The plaintiff moved the Court to submit the issues raised by the pleadings to a jury for decision. The motion was overruled and the plaintiffs appealed.

*J. D. Shaw*, for appellants.
*Steele & Walker* and *Busbee & Busbee*, contra.

PEARSON, J.   The answer or affidavit of Mrs. Virginia Stewart denies squarely the allegation that the heirs of William L. Covington are entitled to one-half the lot, and makes the issue that from the exclusive possession of her father during his lifetime, from 1839 to 1857, that the lot was commonly called " the John P. Covington store house ;" and the "descent cast" and exclusive possession by his heirs without any claim or interruption, their title being concurred in and acted upon by E. P. Covington, their guardian, who is one of the heirs of William L. Covington, there is a presumption in law, in order to bar stale claims and to quiet titles, that William L. Covington released or abandoned or surrendered his estate in the land to John P. Covington, her ancestor. To these allegations the plaintiffs enter " similiter," that is, accept the issue.   His Honor erred in refusing to have the issue tried by a jury, with instructions from him as to the effect of exclusive possession for a great number of years, in England twenty, in this State ten, and if actual ouster by one tenant in common, submitted to or acquiesced in for a great many years, the party being under no disability when the exclusive possession was taken.   From this ruling of his Honor the plaintiffs appeal, and this is the only question presented to us.   See *Day* v. *Howard* at this term.

In looking over the record it appears that E. P. Covington, who is the guardian of John P. Covington, Bascombe having arrived at age, and who is also one of the heirs at law of William L. Covington, makes use of the name of his ward in order to maintain a motion in the original proceeding, which is directly opposed to the interest of his ward, and works to his own benefit, both as one of the purchasers and as one of the heirs of William L. Covington, and he uses the name of his ward to set up a title adverse to him ; and but for the fact that one of his wards, to-wit, Virginia, had married and was beyond his control, and now alleges the sole seizure of their father, by the management of a guardian, his wards would have been deprived of one-half of their patrimony.   This is outside of the

Covington, Guardian, *et al. v.* Covington.

matter, covered by the appeal, but we feel it to be our duty to call the attention of his Honor to this irregularity, apparent upon the face of the papers sent up to us, so that some other guardian may be appointed, and the heirs of John P. Covington be put on one side and the heirs of William L. Covington and the purchasers be put on the other, and the issue which involves the sole seizure of John P. Covington may be passed on by a jury, with special instructions, or else that the proceeding be dismissed, and the heirs of William L. Covington be left to assert their title by a petition for partition (See *Smith* v. *City of Newbern*, at this term,) met by a plea of "sole seizure," so as to present the issue directly, and in a way to be binding upon all persons concerned. We also feel it to be our duty to call the attention of his Honor to this anomaly in the proceeding—petition to sell land for partition made by the guardian of infant heirs—no cause set out why it was necessary to sell instead of renting out the "store house and lot." Guardian is a member of the firm that buys the house and lot, leaving the inference that his object was to divest the title of his wards and put it into the firm; and then to cap the climax, he sets up claim to one half of the house and lot for himself and the other heirs of William L. Covington.

These circumstances show that the pleadings, if they can be called such, should be amended so as to put all the heirs of John P. Covington as defendants, and the heirs of William L. Covington and the firm of Covington, Everett & Co., as plaintiffs, or petitioners.

We will call the attention of his Honor to another matter. The Judge of Probate, Dr. Stewart, orders the sale, and allows himself $55 for his services, and reports to the Judge who confirms his action. Does it conform to the orderly course of the Court to allow the Judge of Probate to act as commissioner in selling, &c.?

Let this opinion be certified.

Per Curiam.                              Judgment accordingly.