ELIZABETH HOLT ET ALS. v. S. B. ZIGLAR, S. A. ALLEN ET ALS.

(Filed 29 October, 1913.)

**1. Wills—Caveat—Judgment Set Aside—Parties.**

Where a judgment invalidating a paper-writing purporting to be a will has been set aside, for fraud, it leaves the caveat thereto in full force and effect (Revisal, sec. 3137) until the issue thus raised is tried and a valid judgment has been rendered; and all proper and necessary parties can be made for a final disposition of the proceedings.

**2. Wills—Probate—Common Form — Evidence — Interpretation of Statutes.**

A will probated in common form before the clerk of the Superior Court is conclusively valid until declared void by a competent tribunal, and may be offered in evidence in proceedings to caveat the will. Revisal, sec. 3128.

APPEAL from *Cook, J.,* at February Term, 1913, of ROCK-INGHAM.

PLAINTIFF'S APPEAL.

These are the issues submitted:

1. Was the judgment setting aside the will of Valentine Allen obtained by collusion and fraud, as alleged in the complaint? Answer: Yes.

2. Has more than three years elapsed since the decree of the November Term, 1885, setting aside the will, and institution of this suit? Answer: Yes.

3. Has more than ten years elapsed since the decree of the November Term, 1885, setting aside the will, and institution of the suit? Answer: Yes.

4. Was Elizabeth Holt married after she became 21 years of age? Answer: Yes.

5. Is Elizabeth Holt's right to attack the decree of 1885, for causes set forth in the complaint, barred by the three-year statute of limitations? Answer: No.

6. Was Mary E. Bouldin a *bona fide* purchaser for value and without notice, of the lands described in the deed from S. B. Ziglar and wife, Margaret Ziglar, to Mary E. Bouldin? Answer: No.

7. Was J. P. Faries a *bona fide* purchaser for value and without notice, of the lands conveyed in the deed from Mary E. Bouldin and husband to J. P. Faries? Answer: No.

8. Was John Henry Carter a *bona fide* purchaser for value and without notice, of the land described in the two deeds from Samuel Allen and wife to John Henry Carter? Answer: Yes.

9. Was John M. Galloway, trustee, a *bona fide* purchaser for value and without notice, of the land described in the deed of trust from J. Ham Cardwell and wife, Ellen Cardwell? Answer: No.

10. Was the 900 acres of land mentioned in Valentine Allen's will divided into three equal shares, and a share each allotted to Samuel A. Allen, Margaret Ziglar and husband, and Ellen Cardwell and husband, and did said parties enter into possession thereof? Answer: Yes.

11. At the time of the death of Valentine Allen, what was the number of living children of Ellen Cardwell? Answer: Seven (7).

12. At the time of the death of Valentine Allen, what was the number of living children of Margaret Ziglar? Answer: Four (4).

Did the children of Margaret Ziglar execute and deliver to Mary E. Bouldin a quitclaim deed for all their right, title, and interest in the real estate of Valentine Allen? Answer: Yes.

Upon the coming in of these issues, his Honor rendered a decree from which plaintiffs appeal.

*Watson, Buxton & Watson, C. O. McMichael* for plaintiffs.
*Humphreys & Sharp, Manly, Hendren & Womble* for defendants.

BROWN, J. This case was before us at a former term, 159 N. C., 272, which is referred to for a general statement of the case.

His Honor, *Judge Cooke,* in accordance with that opinion, upon the admitted facts and record evidence in the case, instructed the jury in accordance with our views, and a verdict was rendered accordingly.

HOLT *v.* ZIGLAR.

The effect of the finding of the jury and the decree of *Judge Cooke* upon the first issue is to set aside the judgment of the Superior Court of Rockingham County, November Term, 1885, in the case of *Samuel A. Allen v. Margaret Ziglar and others,* invalidating the will of Valentine Allen, and leaving the caveat to said will in full force and effect (Revisal, sec. 3137) until the issue thus raised is tried and a *bona fide* and valid judgment is rendered.

This we think should end this case, as there is no exception arising under that first issue.

In our former opinion, 159 N. C., p. 279, we said: "The only issue raised by the pleadings in this case is one of fraud and collusion in respect to the manner in which that will was set at naught."

In our view of the status of this case, it is not proper that we construe this will now.

All of the issues submitted, except the first, are set aside. So much of the judgment of the Superior Court as declares that "the decree entered in the suit of Samuel A. Allen, caveator, against Elizabeth A. Allen and others, disposed of at the November Term, 1885, of the Superior Court of Rockingham County, was obtained and entered through fraud and collusion; that the last will and testament of Valentine Allen was properly proven and probated, according to law, before the clerk of the Superior Court and probate judge of the county of Rockingham on 6 October, 1884, and was and is recorded in Book E of the Record of Wills of said county, at pages 289 *et seq.,* and was offered in evidence in this cause," is affirmed.

This ends this action, but it leaves the caveat proceedings of Samuel Allen of 1885 still pending for trial in the Superior Court of Rockingham County.

The probate of the will before the clerk was in common form, but it is conclusive evidence of the validity of the will until it is vacated or declared void by a competent tribunal, and may be offered in evidence. Revisal, sec. 3128.

As we have held that the judgment entered in the caveat proceedings is fraudulent and void, it necessarily follows that the caveat proceedings have not terminated.

It is still open to Samuel Allen, the caveator, to have the issue thus raised passed on by a jury, and all proper and necessary parties can be brought in in that proceeding. *Holt v. Ziglar,* 159 N. C., p. 279.

This cause is remanded to the Superior Court of Rockingham County, with instructions to enter a final judgment in accordance with this opinion. The entire cost of the action as well as costs of this appeal with be taxed against the defendants.

The judgment of the Superior Court, except as hereinbefore stated, is

Reversed.

APPEAL BY DEFENDANT FARIES.

BROWN, J. This is the appeal of the defendant J. P. Faries in the above cause. It is improvidently taken, and must be dismissed.

As an assignee of Samuel Allen, this defendant may be made a party to the caveat proceedings referred to in the other opinion.

Let costs of this appeal be taxed against defendant Faries.

Appeal dismissed.