STACY, C. J., dissents.
Proceeding for probate, in solemn form, of a paper-writing propounded by Charlie Williams, sole legatee and devisee named therein, as the last will and testament of Mary Cooper, deceased.
A caveat was filed to the probate of said paper-writing by E. P. Stowe, sole legatee and devisee named in a paper-writing, which was probated, in common form, as the last will and testament of said Mary Cooper, prior to the filing of said paper-writing for probate by Charlie Williams. No caveat has been filed to the probate of the will of Mary Cooper, under which E. P. Stowe, the caveator in this proceeding, claims as her sole legatee and devisee. *Page 419 
Issues involving the grounds upon which the caveat was filed were submitted to the jury. The verdict was as follows:
1. Is the signature of Mary Cooper to the paper-writing offered by propounder as the last will and testament of Mary Cooper, a forgery? Answer: Yes.
2. Was the execution of said paper-writing procured by the exercise of undue influence over the said Mary Cooper? Answer: ______
3. Did Mary Cooper, at the time of the execution of said paper-writing by her, have sufficient mental capacity to make a will? Answer: ______
4. Is the said paper-writing, the last will and testament of Mary Cooper? Answer: ______
The jury having answered the first issue, "Yes," under instructions of the court did not answer the other, issues, but returned said answer as the verdict.
From judgment on the verdict, propounder appealed to the Supreme Court.
Mary Cooper, an elderly colored woman — between 65 and 70 years of age — died at her home, in Charlotte, N.C. on 9 October, 1927. She had been sick about two weeks before her death. There was evidence that "she had been ailing pretty much all the year." She left surviving her no next of kin, and no heirs at law. At the date of her death, she owned property, real and personal, of the value of several thousand dollars.
On 26 October, 1927, a paper-writing, dated 9 December, 1914, was probated, in common form, by the clerk of the Superior Court of Mecklenburg County, as the last will and testament of the said Mary Cooper. This paper-writing was written by an attorney at law, a member of the bar of Charlotte, N.C. Its execution was attested by three witnesses, the draughtsman, another attorney at law, and a stenographer, who was employed in the office of the draughtsman. E. P. Stowe is named as the sole legatee and devisee in said will, of all the property of whatsoever kind, and wherever situated, both real and personal, of the said Mary Cooper; he is also appointed therein as the executor of said will. There was evidence tending to show that both prior and subsequent to the date of said paper-writing, to wit: 9 December, 1914, the relations between the said E. P. Stowe and Mary Cooper were friendly and intimate; he looked after her. Immediately after her death, the said E. P. Stowe took the said paper-writing from *Page 420 
the "little treasure box," in which Mary Cooper had kept the same. Within a few days thereafter, the said paper-writing was propounded by E. P. Stowe, and was probated and recorded by the clerk of the Superior Court of Mecklenburg County as the last will and testament of Mary Cooper. The probate and record of said paper-writing is conclusive evidence that the same is the last will and testament of Mary Cooper. No caveat has been filed thereto. It has not been vacated on appeal or declared void by any competent tribunal. C. S., 4145. Holt v. Ziglar, 163 N.C. 390,79 S.E. 805. The probate of said will, in common form, cannot be attacked, collaterally. Varner v. Johnston, 112 N.C. 570, 17 S.E. 483. The title of E. P. Stowe to all the property, real and personal, devised and bequeathed to him by the said will is good as against all persons, claiming under Mary Cooper, since her death, so long as said will stands.
On 31 October, 1927, another paper-writing, dated 4 October, 1927, was probated, in common form, by the assistant clerk of the Superior Court of Mecklenburg County, as the last will and testament of Mary Cooper. This paper-writing was written by Walter J. Harris, a colored man; its execution by Mary Cooper is attested by the said Walter J. Harris and Emma Harris, his wife. Charlie Williams is named therein as the sole legatee and devisee of all the property owned by Mary Cooper; no executor is named in said will, but the said Charlie Williams is directed to pay all the debts of said Mary Cooper. There was evidence tending to show that Charlie Williams had lived in the home of Mary Cooper for about a year before her death, and that during said time he had "waited" on her, when she was sick. Charlie Williams found said paper-writing in the wood shed on the premises of Mary Cooper after her death. It was among the bed clothes of deceased, which had been taken from her house to the wood shed. The said paper-writing was offered for probate as the last will and testament of Mary Cooper, by Charlie Williams, on 31 October, 1927. After its probate in common form, by the assistant clerk of the Superior Court of Mecklenburg County, as such last will and testament, to wit: on 2 November, 1927, a caveat to such probate was filed by E. P. Stowe, the executor, and sole legatee and devisee in the paper-writing probated on 26 October, 1927, as the last will and testament of Mary Cooper.
In said caveat it is alleged (1) that the signature of Mary Cooper in the paper-writing dated 4 October, 1927, is a forgery; (2) that if said signature is not a forgery, it was procured by fraud and undue influence upon the said Mary Cooper; and (3) that if said signature is not a forgery, the said Mary Cooper did not have sufficient mental capacity to make a will at the date of said paper-writing. *Page 421 
At the trial in the Superior Court of the issues submitted to the jury, involving the grounds upon which the caveat was filed, the jury found, in answer to the first issue, that the signature of Mary Cooper on said paper-writing is a forgery. Under instructions of the court, to which there were no exceptions, the jury did not answer the other issues, but returned the answer to the first issue as the verdict. Upon his appeal to this Court, the propounder, although assigning many other errors, relies, chiefly, upon his contention, duly presented by assignments of error, that there was no evidence from which the jury could find that the signature of Mary Cooper on said paper-writing, is a forgery. In view of our decision of the question presented by this appeal, it is not necessary for us to consider or pass upon assignments of error based upon exceptions pertinent to the issues, which under instructions of the court, were not answered by the jury.
The only evidence in behalf of the propounder, with respect to the execution of said paper-writing by Mary Cooper, was the testimony of Walter J. Harris, and Emma Harris, his wife. They both testified that said paper-writing, including the signature of Mary Cooper, was written by Walter J. Harris, at her home, and at her request, on 4 October, 1927. The signature of Mary Cooper on said paper-writing appears as follows: "Mary (her X mark) Cooper." Both witnesses testified that Mary Cooper touched the pen with which Walter J. Harris made the mark appearing between the words "Mary" and "Cooper," and that she requested each of them to witness her signature. They further testified that Walter J. Harris delivered said paper-writing after it had been executed by her, to Mary Cooper and that they then left her house. There was no evidence tending to show that any one saw the said paper-writing during the lifetime of Mary Cooper, after 4 October, 1927. Charlie Williams, who is named in said paper-writing as the sole legatee and devisee of all the property of Mary Cooper, testified that he did not see said paper-writing and did not know of its existence until several days after the death of Mary Cooper, when he found it, in the wood shed, among her bed clothes which had been taken from the house to the wood shed to be laundered. He had been informed after the death of Mary Cooper by Walter J. Harris that he had written a paper-writing for her prior to her death, but he did not know that said paper-writing purported to be a will, bequeathing and devising all her property to him. He did not consult an attorney about this paper-writing until nearly a month after he discovered it in the wood shed and was informed by Walter J. Harris that he had written said paper-writing for Mary Cooper prior to her death. There was evidence tending to show that in the meantime, after he found the paper-writing, Charlie Williams had surrendered the property of Mary Cooper to *Page 422 
E. P. Stowe, who claimed the same as the executor of Mary Cooper, under the will probated on 26 October, 1927, and that he had said on several occasions that Mary Cooper had willed everything to him, but that he "did not have it in black and white." There was evidence in behalf of the propounder tending to show that on 4 October, 1927, Mary Cooper had sufficient mental capacity to make a will.
There was evidence in behalf of the caveator tending to show that on 4 October, 1927, Mary Cooper did not have mental capacity sufficient to make a will. Dr. G. C. Wingate, a practicing physician of Charlotte, N.C. testified that he visited Mary Cooper, professionally, on Sunday, 2 October, and on Tuesday, 4 October, 1927; that on said days she had acute dysentery, and was toxic; that the absorption of the poison affected her nervous system so that she was incapable of attending to her affairs. She was decidely [decidedly] worse on Tuesday, the 4th, than on Sunday, the 2d. In the opinion of this witness, the deceased was incapable of making a will at any time from Tuesday, the 4th, to Sunday, the 9th of October, when she died.
W. H. Hunnicutt, a police officer of the city of Charlotte, testified that he went to the home of Mary Cooper, on or about 26 October, 1927, and read to Charlie Williams the will of Mary Cooper, probated on 26 October, 1927, by which all her property was bequeathed and devised to E. P. Stowe; that Charlie Williams, after witness had read the said will to him, stated that he was willing to turn everything over to Stowe, without any trouble. Charlie Williams said nothing about another will, under which he claimed the property of Mary Cooper.
Jim McConnor, a blacksmith, testified that Charlie Williams was at his shop on 26 October, 1927, and then said that Mary Cooper had willed everything to him; that nothing was going to Ed Stowe. He said that he did not have it in black and white, but that he had been told by the white folks that he did not need it in black and white.
The foregoing evidence was properly submitted to the jury upon the first issue. Its credibility and probative value was for the jury to determine, as the court carefully instructed them.
The contentions of both propounder and caveator, upon all the evidence pertinent to the first issue, were fully and clearly stated in the charge of the court. We find no error, prejudicial to the propounder, in the instructions to the jury upon this issue. It is not material to the disposition of this appeal, to consider or decide assignments of error pertinent to the issues which under the instructions of the court were not answered by the jury. The answer of the jury to the first issue is sufficient to support the judgment, which must be affirmed.
As the jury has found that the signature of Mary Cooper on the paper-writing dated 4 October, 1927, and propounded by Charlie Williams, *Page 423 
as her last will and testament, is a forgery, we do not discuss the question as to whether or not this proceeding is a collateral attack upon the probate and record of the last will and testament of Mary Cooper, under which E. P. Stowe, the caveator in this proceeding is the sole legatee and devisee of all her property. If the paper-writing dated 4 October, 1927, and propounded in this proceeding as her last will and testament, had been probated, it could not have been construed as a codicil to the will probated on 26 October, 1927. It would have had the effect of vacating and rendering void the said will.
Whether a will which has been duly probated in common form and recorded as the last will and testament of the testator can be vacated and rendered void by the probate of another paper-writing, subsequently executed, by the testator, as his last will and testament, is not presented by this appeal. This question would have been presented for our decision, if the jury had answered the issues in accordance with the contentions of the propounders and judgment had been rendered accordingly.
No error.
STACY, C. J., dissents.