Henderson,
 
 Judge.
 

 Peter
 
 Barnard,
 
 the first purchaser of the lands in question, died seised thereof in the year 1812, intestate, leaving two children,
 
 Elizabeth
 
 and
 
 Jesse,
 
 and a widow, the mother of
 
 Jesse,
 
 I presume, although it is not so stated in the case. The locus
 
 in quo
 
 was assigned to the widow, as her dower.
 
 Elizabeth
 
 died intestate, without issue, in the same year. In the year 1813, the widow married
 
 Dozier,
 
 one of the Defendants; and in 1814, had a child, which is still alive. The Plaintiffs are
 
 the maternal
 
 half-brothers and sisters of
 
 Peter Barnard,
 
 and the nearest of kin to
 
 Jesse,
 
 except the child before mentioned.
 
 Peter Barnard’s
 
 father left nephews and neices, whose descendants are still alive.
 

 The question presented is, on whom did the inheritance descend, upon the death of
 
 Jesse ?
 

 The second canon of descents, in the act upon the subject, passed in the year 1808, calls the females equally with the males, to the succession. It thereby abolishes the priority of the male over the female line, and places them upon a perfect equality, both as to collateral and lineal descents. The express declaration, whether of the paternal or maternal line, to be found at the close of the fifth canon, was therefore unnecessary. Its omission in
 
 *335
 
 the fourth canon, under which this case .falls, will not prejudice the maternal line. The only qualification required is, that it be of the blood of the first purchaser. I also think, that the provision made' in the sixth declaring that the collateral relations of the half-blood shall inherit, equally with the whole blood', was also unnecessary, it being an entire enactment upon the subject, and the previous provisions embracing (hem ; the only qualifications required being, that in the case of an estate which has descended, such collateral relations should be of the blood of the first purchaser : for we shall pre sently see, that the words “
 
 such ancestor”
 
 in the close' of the fourth canon, must be stricken out, and in lieu thereof, the words
 
 “first purchaser,”
 
 inserted. As we had been so long in the habit of considering the paternal line as preferable to the maternal, and tire half-blood as entirely excluded, it w'as perhaps safer, expressly to declare it. This argument is made, that no objection should be taken to calling in the maternal line, under the fourth canon, under which this case falls, because the maternal line is not, in that section, placed 'upon an equality withAhe paternales it is in the fifth, which provides for newly acquired inheritances. The only qualification therefore, required by our law7 in case of a collateral descent, is, that the claimant be the nearest collateral relation ; and in case of a descended estate, that he be of (he blood of the, first purchaser ; the preference of the male over the female line, and the whole over the half-blood, being entirely abolished. I have said, that the words “
 
 such ancestor,”
 
 in the fourth canon, must be stricken out, and the words
 
 “first purchaser,”
 
 inserted in lieu of them. If those words are retained, had this land descended to
 
 Petey Barnard
 
 from his father, and from
 
 Peter
 
 to
 
 Jesse,
 
 they would call to the. succession
 
 Peter’s
 
 maternal half-brothers and sisters, before- (lie brothers and sisters of his lather, for they are of the blood of
 
 Peter,
 
 and the
 
 inheritance descended from
 
 
 *336
 
 /¿jm
 
 £0 jessem
 
 Yet the same principle which excludes this child, before mentioned, (Jesse’s half-blood on the mo- . (her’s side) in favor of
 
 Peter’s
 
 brothers and sisters, in case, would exclude
 
 Peter’s
 
 half-brothers and sisters on the mother’s side (the present Plaintiffs) in favor of the nephews and nieces of
 
 Peter’s
 
 father, the first purchaser of the inheritance.
 

 The case does not expressly state, that
 
 Jesse
 
 was ever-actually
 
 seised;
 
 but I think it may be inferred from the assignment of dower — for it is taken out of his seisin. But if it did not, the first canon of the act, speaking of' lineal descents..declares that a seisin in law, shall make a
 
 Propositus ;
 
 and although no such declaration is made in case of collateral descents, hut the word
 
 seised
 
 only is used, I apprehend that the Legislature intended to make a legal seisin sufficient in both cases. No reason can be given why if it is good in the one case, it is not so in the other.
 

 ' Upon the death of
 
 Jesse
 
 without issue, the lands in .question devolved on his mother for life, although he left a brother or a sister. For the words'
 
 “ capable of inheriting the estate,”
 
 must be added to the following words in the sixth canon : “ that in all cases, where
 
 the
 
 person last seised shall have left no issue, nor brother, nor sister, nor fhe issue of such j” for why postpone the mother, where the brother, or sister cannot take? It is certainly the same as if there were none ; for her claims are postponed to
 
 theirs.
 
 When tiiey have no claims, it is the same as if
 
 Ihey
 
 did not exist.
 

 It is unnecessary to say what became of the dower, when ajife-estate devolved on her in the whole land; for she remained a tenant for life, and liable to the action of waste.
 

 1 am of opinion, that the inheritance, subject to the life-estate in the mother, descended to the Plaintiffs, upon the death of
 
 Jesse;
 
 and that the judgment should be affirmed.-Per Curiam. — Judgment affirmed.