Ruffin, C. J.
 

 Although from various judicial proceedings in this case, and the circumstance, that many of these were founded on matters which occurred since the original suit began, several alterations and amendments became necessary in this cause, which have rendered the statement of it somewhat perplexed and prolix, yet -the questions for decision are not numerous, nor. we think, difficult. It seems to be clear, that under the provisions of the deed of trust, the debts of the father, as guardian to his children, are secured and must be paid pari
 
 passu
 
 with others of the same class. It was a debt which .existed at the .time .of the creation of th.e
 
 *487
 
 deed, and one for which the maker of the deed had given sureties, and the language of that instrument is express,.that all debts of that character, “ whether mentioned or not mentioned, are intended', and are to be as fully secured and paid as if they were specially named in the deed.”’ It is true, the parties say they \Vere not in their contemplation, and they give the Reasons why they were not. But that cannot control the express and positive provisions of the deed. There are some modern English' cases in which, under certain circumstances, the maker of a deed' of trust, for the payment of his debts, has been held at liberty to revoke those purposes, and direct other dispositions of the property. We are not aware that the doctrine' has been at all recognised in this country, and certainly it has not'as yet in this State.— But if it prevailed here, it could not affect this ease, inasmuch as a creditor, indeed the principal creditor and surety of the maker of the deed, namely. Mr. Robertson, was a party to the deed; being'one of the trustees, and the trustees accepted the office, sold all the property, and paid many of the debts. It is too late, after that, for the party to stop the further execution of the trusts, were he to attempt it. But he has made no such attempt; but only Slates, that in making the deed he had no purpose to include these debts, and for that reason contends they are not' included by the terms of the instrument. We think they are, and that they are to be paid in the class next to the judgments mentioned in the deed.
 

 The court is likewise of opinion, that the grand-father, Godfrey Crowder, intended-the legacy to these children as a satisfaction, at least pro tanto, for-their demand against their father and his sureties. He directs his executor to apply the fund
 
 “
 
 to the
 
 payment
 
 of the legacies &c., which are in the hands of Robert A. Crowder as their guardian, so far as shall be necessary to
 
 discharge
 
 said legacies.” Indeed, as he knew that his son was insolvent at the time he made his will, March 26.1839, his principal object in making the gift, and in expressing himself as he did; must have been to indemnify his son’s surety, who was then sued by two of the
 
 *488
 
 children. We think, therefore, that the children were un« der the obligation in equity to resort to that fund for their satisfaction, before coming upon the father or his surety: for, , ., . under the will, they are to have, ns a pure gift, what may remain after paying what their father owed them, and they cannot increase that fund by raising the money from the surety or their father, which the grand-father intended his estate to pay. It follows that the grand-father’s estate is thus made the primary fund for paying these debts, and that the children ought to resort to it in the -first place, and that, if they would not, and had recourse to the surety, the latter has the right to stand in their place and receive their share of the fund provided by the grand-father. This has been definitively done in respect to the shares thereof belonging to two of the children, Henry and Mary, by the decree of October 15th, 1842, under which Puryear was then reimbursed the sum of $902 94, and he has probably received since, the further sum of $215 46, each, from Nelson, on account of his payments to Henry and Mary’s administrator. Why the decree did not also declare the other two children, Giles and John, bound to receive the same sums from Nelson, and require Nelson to-pay them on account of their debts, and in exoneration of Puryear as surety, we do not perceive, as they were all parties to the suit, and the accounts fully taken. But it is not material, since it seems probable those payments have been since made to them by Nelson, and have been allowed as a credit in taking their judgment against Puryear, and the whole can be shewn before the Master, should the parties find- it -necessary to go before the Master for an account. We presume, however, the parties can readily settle among themselves, after knowing the opinions of the court upon the question raised. Upon this point, that opinion is, that only so much of the debt of Robert A. Crow-der to his children, as shall remain after applying thereto the fund provided by the grand-father, forms a charge against the trust funds of the father in the hands of Palmer. Upon the ordinary-principle of substitution, as applicable between the creditor and the principal and his surety, Puryear is em
 
 *489
 
 titled to stand, in respect of the. balance of the debt thus forming that charge in the place of Henry Crowder and Lewis Webb, whom he has fully paid, and, as regards the other two children, Giles and John, they will be entitled, or Puryear in their place, as it shall appear before the Master that Puryear hath or hath not paid the debt to them, to such part of it as was not discharged out- of Godfrey Crowder’s fund. There can be no deduction on-account of the education of the children. It was; by the settled rule of our courts the duty of Mr. Crowder, as father; to maintain his children, if of ability; and, il not, he should have the sanction of the proper court to an application of the children’s property to that purpose. We doubt not, that such is also the, law of Virginia, for if it had not been, the proper deductions would' have been made in the suits brought by the wards in that State, in which the surety would be inclined to make every defence. But here the father seems to have had'no lack of means, but to have possessed a competent fortune, until ruined by a mercantile partnership ; and he never designed charging his children; as is manifest by his keeping no accounts against them. Besides, the grand-father’s wilL covers the whole portions, interest as well as principal, and enough is got from that source to cover much more than all the profits of the ward’s property, which is all that could be allowed-for maintenance in any case : so there are many reasons why this deduction cannot' be admitted. The court can, however, only make these declarations, and cannot order the cause to a reference in the present state of the pleadings; At the time of filing the amended' bill, Giles and John Crowder were infants, and the billl is filed in their behalf by_Puryear, as their next friend. ■ It seems that Giles Cmwder hath since come of full age, and can prosecute the suit for himself. It may, likewise, be the case as to John • but it does not appear. If the case were sent in this condition before the Master, it would be the interest of Puryear to shew that he had paid the whole debt due to John Crowder, in order to lay hold of his part of the fund in Palmer’s-hands, while he would, at the same time, be chaged with the-
 
 *490
 
 4uty to the infant of shewing that he had not made such payment, if, in truth, and as it may be, he has not made it. The court cannot permit a suit to be carried on in the name an jnpant ^ a nex(. fr¡enc]) who can have an interest in conflict with that of the infant. The cause, therefore, must stand upon these declarations, until another next friend can be found, or the party himself shall come of age. When that shall be the case, it will be referred to take the usual accounts of the trust fund and the payments made thereout, with directions for allowing all creditors to come in under the decree and prove their debts in order to distribute the fund in conformity to the deed.
 

 Pee- Curiam. Cause ordered to stand over.