Campbell, Sp. J.,
delivered the opinion of the Court.
The complainants recovered two judgments against the defendant, Valentine Werner, in the Law Court of Memphis, on the 13fch day of April, 1866, upon which executions were issued and returned nulla bona. They file this bill, alleging among other things, that at a sale under a decree of the County Court of Shelby *587 county, made in January, 1859, the defendant Werner became the purchaser of a lot in the City of Memphis ; that he paid the purchase money for the lot, but no decree was ever rendered vesting the title in him.
That the defendant, Staunton, instituted an attachment proceeding in the Law Court of Memphis against Werner, who was a non-resident of the Stare, and that under this attachment the lot before referred to was levied upon and sold, under a venditioni exponas, by the sheriff of Shelby county, when Staunton became the purchaser. That the judgment in said attachment proceedings awarded no condemnation of the lot, but only an execution at law. That for this reason, and because Werner only had an equitable title in the lot,, which could not be reached by an execution at law,, the bill charges that the sale was void, and the sheriff’s deed communicated no title to Staunton. The bill prays for an attachment, and to have the equitable title of Werner subjected to the payment of this debt, etc. The defendant, Staunton, demurred to the bilL The demurrer was allowed and the bill dismissed.. Complainants appealed to this Court.
In the case of Staunton v. Harris et als., decided at the present term of this Court, it was held, that taking judgment which awarded execution generally, but no order of condemnation, was no authority for the clerk to issue a venditioni exponas; that the writ must pursue the judgment, which is an important link in the purchaser’s title. Another objection urged to. the regularity and validity of the sale to Staunton is, *588 that Werner only had an equitable title to the lot, which could not be reached by an attachment at law. In the case of Lane v. Marshall et al., 1 Heis., 34, this Court held that attachments issued by courts of law can not be levied upon property of an equitable nature, and that in a court of equity, in order that an equitable interest in land may be subjected by attachment, the bill must be framed with that view. For these reasons the decree of the Chancellor allowing the demurrer will be reversed, the cause remanded, and the defendants required to answer.
The costs of this Court will be paid by the defendant, Staunton.