O. L. ELLIS, Administrator c. t. a. of Lucy H. Massenburg, and WIL-
LIAM E. MASSENBURG, WILLIAM P. MASSENBURG, J. A.
NORWOOD and Wife, M. S. NORWOOD, I. G. KING and Wife,
BETTIE KING, B. B. MASSENBURG and MARY M. PERRY,
heirs-at-law of Lucy H. Massenburg, the said Mary M. Perry being,
also a creditor, and suing on for herself and all other creditors, v.
W. K. MASSENBURG, LILLIAN A. MASSENBURG, Wife of B. B.
Massenburg, and B. B. MASSENBURG, Guardian *ad litem* of W. K.
Massenburg.

(Decided March 13, 1900.)

*Guardian ad Litem—Guardian ad Litem Nunc Pro Tunc—*
*Rights of Infants; Their Legal Protection.*

1. A plaintiff of record, though nominal and made so without his con-
sent, is utterly disqualified to appear for any infant defendants.
2. His most faithful performance of duty and energetic and persistent
defense, in every way commendable, and approved by the Court,
do not relieve the impropriety of his appointment as *guardian*
*ad litem,* so long as his name appears on the plaintiff side of the
docket.
3. Such is the solicitude of the Court to protect the interest of an infant
defendant at every stage of the proceeding, that it disapproves
the appointment of such guardian, *nunc pro tunc,* lest the infant
be bound by something already done, when it had no oppor-
tunity for defense.
4. A strict compliance with the law, when dealing with the rights of
infants and married women, is strongly impressed upon the pro-
fession.
5. When the essential facts appear upon the face of the record, they are
not affected by the recital in the judgment.

CIVIL ACTION to vacate a deed of gift made by Mrs. Lucy
H. Massenburg to the wife and children of her son, B. B.
Massenburg, on the alleged ground that the grantor was
largely indebted beyond the value of her remaining estate, so

that the deed was in fraud of the rights of creditors, and void; heard before *Hoke, J.*, and a jury, at October Term, 1899, of FRANKLIN Superior Court.

The action was instituted at the instance of Mrs. Mary M. Perry, who claimed to be a creditor for a large amount, and she was one of the heirs-at-law. The other heirs-at-law of Mrs. Lucy H. Massenburg, including her son, B. B. Massenburg, also appear as plaintiffs, although they object that their names were so used without their consent—the record does not show that their names were stricken out.

B. B. Massenburg, whose name appears among the plaintiffs, was appointed, at the appearance term, guardian *ad litem* of his child W. K. Massenburg, an infant defendant, and appeared and filed answer controverting the complaint. At a subsequent term, his other infant children were made defendants, and he was appointed *guardian ad litem nunc pro tunc* for them, but no further answer was filed for them.

The issues submitted were found in favor of the plaintiffs. Among the exceptions taken by the defendants was the following:

Second. That issues submitted were not sufficiently responsive and sufficient to the pleadings and testimony.

The jury having found the issues in favor of plaintiffs, his Honor rendered the following judgment:

This cause comes on for trial at October Term, 1899, of Franklin Superior Court, before Hon. W. A. Hoke, Judge, and a jury. It appears that all the infant defendants were in apt time duly served with summons; that a guardian *ad litem* was formally and properly made for all said defendants; that said guardian *ad litem* was likewise served with summons as required by law, and that said guardian *ad litem* appeared and in behalf of the infant defendants and defended said

action. The following issues were submitted to the jury, viz:

1. Is the personal estate of Lucy H. Massenburg insufficient to pay the debts of the estate?

2. What amount of such indebtedness remains unpaid after exhausting the personal assets and all realty except that sued for and in controversy, and to whom is same due?

3. Is deed from Lucy H. Massenburg for 100 acres of land in controversy fraudulent and void as to creditors of said Lucy H. Massenburg?

4. Is Mary M. Perry estopped to assail the validity of said deed?

5. Has defendant B. B. Massenburg a valid counterclaim against M. M. Perry, and in what sum?

6. Is such counterclaim barred by the statutes of limitation?

7. The jury responded to the first issue "Yes," to the second issue "$1,400, besides cost and commissions," to the third issue "Yes," to the fourth issue "No," to the fifth issue "No," and to the sixth issue "Yes."

Now upon the coming in of said verdict, it is, on motion of F. S. Spruill and W. H. Ruffin, plaintiffs' counsel, by the Court ordered, considered and adjudged, that the personal property of the decedent is insufficient to pay the debts of the estate; that a sale of the 100 acres of land, the subject matter of this controversy, is necessary, in order to make assets to pay the debts of said estate; that the deed from Lucy H. Massenburg for the said 100 acres of land to the said defendants is fraudulent and void as to creditors of said Lucy H. Massenburg, and the said deed is hereby set aside and avoided.

It is further ordered and adjudged that this cause be remanded to the Clerk of the Superior Court of Franklin

County, who will, upon the original petition for the sale of the real estate of the said decedent to make assets to pay debts, make an order directing the plaintiff herein to proceed, after proper advertisement, to sell the land upon such terms as the said Clerk of the said court may prescribe, and report to said Clerk, who will make all necessary and further orders herein.

The Clerk will record this judgment in his record of orders and decrees as a part of the record in said special proceeding to sell the land by the said administrator.

The Court doth further order that the plaintiff shall, out of the proceeds of the sale provided for, pay the costs of this action.                                         W. A. HOKE,

*Judge, etc.*

From this judgment the defendants appealed to Supreme Court.

This was a civil action, tried before his Honor W. A. Hoke, Judge, and a jury, at October Term of Franklin Superior Court.

The pleadings appear in the record.

Issues were submitted as appear in the record.

The evidence was as follows:

1. The plaintiff offered the will of Mrs. Lucy H. Massenburg, the only material part of which to the controversy is that part which specifically bequeathed certain articles of personal property to different members of the family. This it is agreed was of inconsiderable value.

2. The plaintiff offered the deed from Lucy H. Massenburg to W. K. Massenburg and others, recorded in the registry of Franklin County on January 18, 1896, marked Exhibit "A." The tract of land therein described is all the real estate of decedent which has not already been sold to make assets.

3. Plaintiff offered judgment docket of Franklin Superior Court showing following judgments:

(a) Judgment favor F. N. Egerton, docketed October, 1895, amount $389.46 and cost (paid out of proceeds of former sale of land).

(b) Judgment favor of F. N. Egerton, docketed December, 1895; amount $216.39 and cost (paid out of proceeds of former sale of land).

*Mr. B. B. Massenburg,* for appellant.
*Messrs. Cooke & Son,* and *F. S. Spruill,* for appellee.

DOUGLAS, J. This is an action to set aside a deed made by Mrs. Lucy II. Massenburg to the wife and children of her son, B. B. Massenburg. The only consideration named in the deed is the nominal sum of $5, and love and affection. The plaintiffs contend that at that time the grantor was largely indebted beyond the value of her remaining estate, and that therefore the said deed is void as to creditors. The plaintiffs are the administrator and heirs-at-law of the grantor, including B. B. Massenburg, while one of the heirs is the complaining creditor, in whose interest the suit appears to have been brought. With the exception of this creditor, all the heirs disclaim any interest in the suit and allege that the use of their names as plaintiffs was wholly unauthorized; but their names were not stricken out, and they still appear as plaintiffs of record. B. B. Massenburg, one of such plaintiffs, was appointed guardian *ad litem* for his children, the infant defendants. This we think was a fatal error which can not be cured by any evidence of good faith or want of injustice. It makes no difference that Massenburg accepted and answered for one defendant and refused to act for the

others.   While he remained even a nominal plaintiff of record
he was utterly disqualified to appear for any of the infant
defendants.   The fact of his partial acceptance of an unlaw-
ful trust, and even its most faithful performance, does not
alter the principle.   We do not mean to impute in the slight-
est degree bad faith to anyone, certainly not to Massenburg,
who is defending the interests of his children with an energy
and tenacity worthy of a father's love; but for some purpose
of her own the complaining creditor made him a plaintiff, and
she must now abide by the legal results of her act.

The Court has no higher duty than the protection of infant
defendants, and there can be no trust more sacred than that of
a guardian, who must be absolutely free from any interest or
motive that can possibly interfere with the faithful perform-
ance of his duties.   If he has any interest at all in the suit,
it must be thoroughly consistent with that of his wards. Even
his attorney must be equally disinterested, and a mere colora-
ble interest is a sufficient disqualification for either, if at all
adverse.   *Moore v. Gidney,* 75 N. C., 34; *Molyneaux v.
Huey,* 81 N. C., 106, 113; *Arrington v. Arrington,* 116 N. C.,
170, 179; *Cotton Mills v. Cotton Mills,* 116 N. C., 647, 652.
We think that this rule is analagous to that forbidding a
trustee to deal with himself, which, founded upon natural
justice and public policy, has become too firmly imbedded in
our jurisprudence by repeated decisions to need citation of
authorities.

We may say here that the object of the appointment of a
guardian *ad litem* is to protect the interest of the infant
defendant, to which protection he is entitled at every stage
of the proceeding; and we can not approve of an order ap-
pointing a guardian *ad litem nunc pro tunc.*   If it is sought
thereby to bind the infant by something already done when

he had no opportunity for defense, it is manifestly unjust; while if it has no such effect we can see no necessity for making it retroactive.

We can not too strongly impress upon the profession the necessity, and certainly the advisability, of a strict compliance with the law when dealing with the rights of infants, and, we may add, of married women. In the case at bar, there can be no question of estoppel, as our decision is not based upon any supposed right or exemption of B. B. Massenburg himself, but purely upon the absolute necessity of affording the proper legal protection to the infant defendants. As the essential facts clearly appear upon the face of the record, they are not affected by the recitals in the judgment.

As we feel compelled to order a new trial, we do not deem it necessary to pass upon all the exceptions, which may not come before us again, or may come in a different light; but we think that the issue should have been framed so as to show whether Mrs. Massenburg, when she made the deed, retained property of sufficient value at that time to pay all her indebtedness. In other words, the issue should relate to her pecuniary condition at the time of making the deed.

New trial.

CLARK, J., did not sit on the hearing of this appeal.