FRED S. JOHNSON, Trustee, R. W. BURNETTE and JACOB BURNETTE, Heirs at Law of JACOB B. BURNETTE, v. H. B. WHILDEN.

(Filed 30 May, 1914.)

1. Process—Personal Service—Court's Jurisdiction.

An action of debt is one personal to the debtor, and requires that personal service be made on the defendant within the territorial jurisdiction of the court issuing the process, or that he has in some recognized manner, by his acts or conduct, acknowledged the jurisdiction of the court so as to become bound by its judgment, where the defendant has no property in the jurisdiction invoked.

2. Same—Proceedings in Rem—Levy—Void Judgments.

Where personal service cannot be obtained upon a debtor in an action upon a money demand, who has property within the jurisdiction of the court, which is sought to be subjected to the payment of the debt, the proceedings are *quasi in rem* against the property subject to execution and levy; and where the interest of the debtor in the property sought to be attached is incapable of levy and sale under execution, and the defendant has not personally been served with process, or recognized the jurisdiction of the court, the judgment rendered against him in the proceeding is a nullity. Revisal, secs. 767, 784.

3. Same—Trusts and Trustees—Property Subject to Levy.

A certain land company obtained a decree against its agent, who had bought certain lands with the company's money and had taken title in himself, that he be declared a trustee for his company for the said lands, sell the same and distribute the proceeds among the shareholders of the company. Thereafter a creditor of the land company obtained a judgment for services rendered by publication of summons in attachment against the lands, and under a judgment obtained by default sold the lands under execution and became the purchaser at the sale. The defendant land company being beyond the jurisdiction of the

court, had not been served with personal process, nor had it in any manner recognized the jurisdiction of the court. *Held*, the interest of the defendant in the lands was incapable of levy and sale under the execution, and the judgment rendered against it was a nullity.

4. Verdicts—Judgments—Modification—Appeal and Error.

In this action the verdict of the jury established certain interests in defendant's favor in the lands in controversy which were not adjudicated in the judgment rendered; and as the plaintiff did not appeal, the judgment is accordingly modified and affirmed.

5. Tax Deeds—Statutory Requirements—Notice—Publication.

The requirements of the statute relating to the sale of lands for taxes must be strictly complied with to give a good title to the purchaser; and it appearing in this case that the purchaser had not notified the trustee holding the legal title, and there being nothing to show that the publication was made either on the dates or for the number of times required by the statute, it is held that the tax deed is void and carries no title to the purchaser.

APPEAL by defendant from *Carter, J.,* at March Term, 1914, of GRAHAM.

Civil action to remove cloud from title to certain lands situate in Graham County, N. C.

On the hearing, it was properly made to appear that grants for the land in question were taken out by one D. F. Goodhue, in his own name, and he having died, the legal title thereto descended to his son, Willie F.; that the Tuckaseegee Mining Company *et al.* instituted suit in Superior Court of Graham County, alleging that the lands had been paid for with company's money and same taken and held for the company's benefit, and, on the facts in evidence, it was, at Fall Term, 1900, among other things, decreed that Willie F. Goodhue held the lands in trust for the Tuckaseegee Mining Company, and same should be conveyed by him to one Jacob S. Burnette, as trustee for said company, in terms as follows: "It is further considered, ordered, adjudged, and decreed by the court, that Jacob S. Burnette be and he is hereby appointed a trustee with full power

and whose duty it is to hold the legal title to said tracts of land herein described, with full power to sell said tracts of land at private sale upon such terms as he may think best and to convey the title to the same to the purchasers of the same by deeds in fee simple, and out of the proceeds of such sales to first pay off and discharge indebtedness of the Tuckaseegee Mining Company incurred both before and since the bringing of this action, and to pay over to the stockholders any surplus which may remain in his hands after discharging said indebtedness of the Tuckaseegee Mining Company, according to the respective holdings." And it was adjudged that the decree in question should operate as a conveyance of title on the trusts above stated.

Jacob S. Burnette having died, this present plaintiff, by decree of Superior Court, February, 1911, was duly appointed his successor in office, "to carry out and discharge the trust imposed upon the lands therein mentioned and to execute and perform any and all duties devolving upon the original trustee by said judgment of 1900.

In this decree it was found as one of the pertinent facts that the trustee, Burnette, had made a valid contract to sell the land to one M. E. Cozad, and that the same was outstanding and existent in favor of said bargainee, and reference was made to the claim of defendant in said land and to the proceedings by which same had been acquired, but no decision was made on the validity of the claim.

On the part of the defendant, it was shown that A. M. Frye, having a claim for services against the Tuckaseegee Company for legal services rendered to said company in 1903, instituted an action against it and J. S. Burnette, trustee, under and by virtue of the decree aforesaid, to Superior Court of Swain County, and not being able to obtain personal service of process on the company within the jurisdiction of the court or on the trustee, who was a nonresident, sued out an attachment in the cause and had same levied on the lands in controversy as the lands of the defendants, the Tuckaseegee Company and Burnette, trustee, and having also caused publication of the summons and warrant of attachment to be made and filed his com-

plaint alleging that the company was indebted to him for legal services in the sum of $2,500 and that he had caused attachment to be issued and levied in the cause.

At July term, Swain Superior Court, no answer having been filed or appearance made, the issue of indebtedness was submitted to the jury and the following verdict rendered: "Are defendants indebted to plaintiffs for legal service? If so, what amount? Answer: $1,500, with interest from 7 August, 1903." And, on the verdict, after reciting the recovery, the levy of attachment, etc., it was adjudged, the present writer presiding, that defendants had been duly served with process, and, further, as follows:

"It is further considered, ordered, and adjudged by the court that the defendants, the Tuckaseegee Mining Company and J. S. Burnette, trustee, are indebted to the plaintiffs in the sum of $1,500, with interest on the same from 7 August, 1903, for legal services.

"It is further considered, ordered, and adjudged by the court that the several tracts of land above described, which were levied on by the sheriff of Graham County under the warrant of attachment, be condemned and sold for the payment of this judgment, or so much thereof as may be necessary to pay the same, with costs, and that execution issue on this judgment to the sheriff of Graham County, N. C., commanding such sale."

On execution issued, said lands were sold and purchased by A. M. Frye and deed taken from the sheriff in ordinary form, etc., referring to attachment proceedings, judgments, etc., bearing date May, 1905, and A. M. Frye and wife, by deed, with special warranty, bearing date 7 May, 1906, conveyed to defendant, H. B. Whilden, all the right, title, interest, and estate of said A. M. Frye, etc.

Defendant further offered in evidence a deed from J. A. Ammons, sheriff and tax collector, reciting a sale of lands for taxes, same having been listed in the name of the Tuckaseegee Mining Company, and failure to redeem, etc., conveyed the land to defendant, the deed dated 13 June, 1907; also an affidavit by defendant to the effect that the land having been listed for taxes in the name of the Tuckaseegee Company, and failure to

pay, same had been sold and purchased by defendant for $89.74, amount of taxes due, etc., and not being able upon diligent inquiry to find either the Tuckaseegee Mining Company or J. S. Burnette, the trustee, in Graham County, and there being no tenant or agent of the company residing on the lands, etc., defendant had caused a notice to be published in the *Cherokee Scout*, a newspaper in an adjoining county, there being none published in the county of Graham, in form as follows:

*To the Tuckaseegee Mining Company:*

Take notice that at a sale of real estate for nonpayment of taxes, held on 7 May, 1906, in the town of Robbinsville, the following real estate was sold by J. A. Ammons, sheriff and tax collector of said county, towit: 4,130 acres, more or less, listed in the name of the Tuckaseegee Mining Company, said lands lying in Yellow Creek Township, Graham County, being the lands embraced in State Grants Nos. 3529, 3530, 3543, 3425, 3521, 3528, 3519, 3518, 3530, 3526, 3527, 3532, 3531, 3533, 3522, 3534, 3535, and 3520, which said lands were sold for the taxes due for the year 1905, amounting to $89.74, including the cost of sale, at which sale the undersigned became the purchaser of said land.

The owner of said land will take notice that the time of redemption of said lands will expire on 7 May, 1907.

This 8 January, 1907.        H. B. WHILDEN,
                                                                *Purchaser.*

The court charged the jury, if they believed the evidence, to answer the issues as shown, and the following verdict was rendered:

1. Is the plaintiff, Fred S. Johnston, the owner of the lands described in the complaint, as trustee for the purpose set out in the decree of Spring Term, 1900, of Graham County Superior Court, in the case of Tuckaseegee Mining Company v. Willis F. Goodhue *et al.?* Answer: Yes.

2. Has the defendant, H. B. Whilden, any interest in said lands? Answer: No, except as to the equitable interest of the Tuckaseegee Mining Company under the decree aforesaid.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Zebulon Weaver and T. A. Morphew for plaintiff.*
*Beyson & Black for defendant.*

HOKE, J., after stating the case: It is now the well settled principle that no valid judgment *in personam* can be obtained against a nonresident or *other* for an ordinary money demand except on personal service of process within the territorial jurisdiction of the court or unless there has been proper acceptance of service or a general appearance, actual or constructive, by which the party submits his cause to the court's jurisdiction. The position is modified, or, rather, a different rule obtains, where in such an action, duly instituted and on attachment issued, there has been a valid levy of property of defendant in the jurisdiction, bringing the same within the custody of the court, in which case the question of indebtedness may be considered and determined in so far only as the value of the property may be made available in satisfaction of the claim by sale under final process or further decree in the cause; beyond this value, no judgment *in personam* may be entered or enforced. *Pennoyer v. Neff,* 95 U. S., 714, and 9 Rose's notes thereon, pp. 338-39 *et seq.; Warlick v. Reynolds,* 151 N. C., 606; *Bernhardt v. Brown,* 118 N. C., 701.

These and other authoritative decisions are to the effect that a court may acquire jurisdiction by publication of the summons to hear and decide suits to fix the status of property situate within its territorial jurisdiction or to determine the rights or interest of parties therein, when the action is brought and prosecuted directly for that purpose.

An interesting and instructive case of this kind appears in 134 U. S., 316, *Arndt v. Griggs,* that being an action to quiet title to realty, and the principle has been frequently recognized and applied in this jurisdiction, as in *Bernhardt v. Brown, supra; Vick v. Flournoy,* 147 N. C., 209, an action to redeem land under a mortgage, and *Lawrence v. Hardy,* 151 N. C., 123, a suit for partition, etc.

It will be noted that when the action is one *in personam* and the jurisdiction is dependent solely on the attachment, there must be a valid levy on the property, and where, as in this State, this writ is only regarded as process ancillary to the main or ultimate relief sought, unless the statutes regulating the matter otherwise provide, there can be no valid levy except on property which can be made available by sale under final process, and while the North Carolina statutes have very much extended the scope and vigor of the writ in reference to real estate, there has been no change as to the character of the property liable to levy and sale, made by the statute, but, on perusal of sections 767 and 784, it appears that the writ, both in reference to the species of property and as to the levy and ultimate sale, is to be regarded as in the nature of an execution. This being true, it is the recognized position here and in other States having statutes of like purport, and both before and since the existence of our present civil procedure, that an attachment can only be levied on property which could be levied on and sold under execution, as the final process in the cause. *Electric Co. v. Engineering Co.,* 128 N. C., 199; *Davis v. Garrett,* 25 N. C., 459; *Gillis v. McKay,* 15 N. C., 17; *Courtney v. Carr,* 6 Iowa, 238; *Burns v. Lewis,* 86 Ga., 591; *Hillman Bros. v. Werner,* 56 Tenn., 586; *Lane v. Marshall,* 48 Tenn., 30; and see note in 11 A. and E. Annotated Cases, p. 689, on case of *Pelzer Manufacturing Co. v. Pitt,* 76 S. C., 349, at page 669; Drake on Attachments, sec. 235; Shinn on Attachment, p. 415.

In the case before us it appears that the suit of A. M. Frye against the Tuckaseegee Mining Company and its trustee was one strictly *in personam* to recover a sum for legal services rendered the company. No personal service was obtained upon either defendant, and the only basis of jurisdiction is the levy of an attachment on real property held by J. S. Burnette, one of the defendants in trust, to "sell, make title to purchasers by deeds in fee, and out of the proceeds to pay, first, the indebtedness of the Tuckaseegee Mining Company incurred both before and since the bringing this action, and to pay over to the stockholders any surplus, etc., etc."

Under our statutes, and decisions construing same, such an interest is not the subject of levy and sale under execution. *Mayo v. Staton,* 137 N. C., 670; *Tally v. Reid,* 72 N. C., 336; *McKeithan v. Walker,* 66 N. C., 95. Nor could there be any valid levy made thereon under the ancillary process of attachment, and according to the authorities heretofore cited, and the principles they uphold and illustrate, the judgment in case of *Frye v. Manufacturing Co.* was a nullity, and no title passed to the purchaser at the sale under final process in the cause.

It is urged for defendant that plaintiff and those under whom he claims are concluded by the judgment entered in the cause, which establishes the indebtedness, declares the land levied on subject to same, and adjudges that the interest of defendants be sold and applied to payment of the judgment. The position would be undoubtedly correct if the court had jurisdiction of the parties and had acquired any right to consider and pass upon the interest of the defendants in that suit; but the action was not one *quasi in rem* and in which plaintiff sought to establish his debt and enforce his right against the property as a *cestui que trust,* or one of them, under the terms of the deeds. It was, as we have seen, a suit strictly *in personam,* and there having been no personal service of process on either defendant within the jurisdiction, and the levy on the attachment being of no effect, the property not being liable to service under that process, the court was entirely without jurisdiction to establish any debt in favor of plaintiff or to determine in any way the rights or interests of the nominal defendants. And the claim under and by virtue of the alleged tax title is without merit.

The affidavit filed by the purchaser shows that he was fully aware that the property was owned by J. S. Burnette, the trustee, and the notice, made an exhibit in the record, not only does not purport to give notice to the trustee, the owner, but there is nothing in the record to show that the publication was made either on the dates or the number of times required by section 2903 of the Revisal. In several recent decisions of the Court it has been held that the requirements imposed by this and cognate sections of the statute must be strictly complied with, and

that a failure on the part of the purchaser to give the proper notices to the owner would avoid the deed. *Rexford v. Phillips,* 159 N. C., 213; *King v. Cooper,* 128 N. C., 347; *Thomas v. Nichols,* 127 N. C., 319.

Under the principle established by these and other decisions of like kind, we must hold, therefore, that the tax deed is void, and carries no title to the purchaser. It may be well to note that the verdict on the second issue seems to establish by correct interpretation that defendant is owner of the beneficial interest of the Tuckaseegee Mining Company, under the decree establishing the trust, and plaintiff, not having appealed, is concluded by such finding, and the judgment below will be so far reformed as to declare and adjudge that such interest is had and owned by defendant. The costs of appeal will be paid by appellant.

Modified and affirmed.