FRED S. JOHNSON, TRUSTEE, AND R. W. AND JACOB BURNETT, HEIRS AT LAW OF JACOB S. BURNETT, DECEASED, v. H. B. WHILDEN.

(Filed 15 March, 1916.)

**1. Judgment—Parties—Void Judgment.**

A judgment in an action affecting the vested rights of a citizen, to which he is not a party, is void, and may be treated by him as a nullity whenever it is brought to the attention of the court.

**2. Same—Record—Collateral Attack.**

While ordinarily a judgment reciting the jurisdiction of the court, or an adjudication of proper service, may not be collaterally impeached, the judgment should be construed in connection with the record in the action and with reference to it, and where therein is disclosed the precise and only method by which the jurisdiction was attempted; and such method conclusively shows that no service was had, the principle that the judgment is conclusive unless and until set aside in direct proceedings does not obtain.

**3. Public Sales—Purchaser—Void Judgments—Issues—Verdict.**

A purchaser at an execution sale under a judgment which is an absolute nullity can acquire no interest in the lands thus sold, and where in a subsequent action against such purchaser to recover the land the jury have found that the plaintiff is entitled to recover the land, but the defendant is entitled to a certain interest therein, it is proper for the trial judge to set aside the second issue and render judgment on the first issue in plaintiff's favor.

PETITION to rehear cause decided by this Court at Spring Term, 1914, and reported in 166 N. C., 104.

Petition having been allowed, the cause was again duly considered and the former judgment affirmed.

*Zebulon Weaver for plaintiff.*

*Bryson & Black, Merrimon, Adams & Adams, and Jones & Williams for defendant.*

HOKE, J. The facts relevant to the present inquiry are fully stated in a former decision in the cause, reported in 166 N. C., 104, and from these facts it appears that plaintiff Fred S. Johnson is successor of

Jacob Burnett, a former trustee, now deceased, and the coplaintiffs are the latter's sons and heirs at law; that the lands in controversy, bought with money of the Tuckaseigee Mining Company, a foreign corporation, were held by Jacob Burnett, the original trustee, "in trust and with full power to sell said tracts of land at private sale upon such terms as he may think best and to convey the titles to same to the purchasers by deeds in fee simple, and out of the proceeds of such sales to first pay off and discharge the indebtedness of the Tuckaseigee Mining Company, etc., and to pay over to the stockholders any surplus that may remain in his hands after discharging said indebtedness," etc. The defendant claimed said lands as purchaser at execution sale, issued on a judgment obtained by A. M. Frye against the Tuckaseigee Mining Company while the lands were so held by Burnett, trustee. The said judgment having been rendered in a suit *in personam* against the company for legal services by said A. M. Frye for the company, it will appear on examination of the record in that action, the same having been introduced in evidence, that summons in the cause was served only by publication on affidavit of plaintiff A. M. Frye; that the then trustee, J. S. Bennett, was a nonresident and the Tuckaseigee Mining Company was a foreign corporation, and that personal service on neither could be made in this State, and, further, that a warrant of attachment in said suit was issued and purports to have been levied on the lands in controversy, and a verdict having been rendered in favor of said Frye on his claim for services, for $1,500, there was judgment in his favor against the company for that sum, the judgment reciting that service was by publication, and an attachment levied and containing an "adjudication that the defendants had been duly served with process, and that they are properly in court." Upon these the claims of the respective parties there was judgment below that plaintiff was the owner of the land, and this judgment was affirmed on appeal, the Court being of opinion that "the judgment in the name of A. M. Frye was a nullity, and that defendant acquired no title by his attempted purchase thereunder at execution sale."

On the present petition we are asked to review this ruling, on the ground chiefly that this judgment contains, among other things, the adjudication, as stated, "that defendants have been duly served with process and are properly in court."

It is a fully established position in this State and elsewhere that "a judgment rendered by a court against a citizen affecting his vested rights, in an action or proceeding to which he is not a party, is absolutely void, and may be treated as a nullity whenever it is brought to the attention of the Court." *Card v. Finch,* 142 N. C., 140; *Flowers v. King,* 145 N. C., 235; *Holt v. Ziglar,* 159 N. C., 272; *Hughes v. Pritchard,* 153 N. C., 135. And the authorities here are also to the effect that

when on the record of a case it appears that a court has jurisdiction of the parties and subject-matter, a judgment therein may not be collaterally impeached. *England v. Garner,* 90 N. C., 197; *Rackley v. Roberts,* 147 N. C., 201; *Doyle v. Brown,* 72 N. C., 393. And in applying this latter principle there are numerous decisions to the effect that the recitals in the judgment showing the jurisdictional facts or an adjudication of proper service appearing therein shall conclude until the judgment is set aside by direct proceedings. *Harrison v. Hargrove,* 120 N. C., 96, and authorities cited. But this position, we apprehend, should not be allowed to prevail when the recitals are necessarily contradicted by other portions of the record more directly relevant, nor to an adjudication of service, general in terms, when it is affirmatively disclosed on the face of the record itself the precise and only method by which the acquirement of jurisdiction was attempted, and such method conclusively shows that no service was had. This limitation on the effect of recitals in a judgment and adjudications of service will be found approved in *Card v. Finch, supra,* and other cases with us, and is in accord with well considered decisions on the subject in other jurisdictions. *Settlemeyer v. Sullivan,* 97 U. S., 444; *Town of Point Pleasant v. Greenlea and Harden,* 63 W. Va., 207; *Harris v. Lester,* 80 Ill., 307; *Mayfield v. Bennett,* 48 Iowa, 194; *Mickel v. Hicks,* 19 Kans., 578; *Laney v. Garbee,* 105 Mo., 255; *Gould v. Jacobson,* 58 Mich., 288; *Fowler v. Simpson,* 79 Texas, 611; 1 Black on Judgments, sec. 273 *et seq.;* 1 Freeman on Judgments (4 Ed.), sec. 130, p. 230; 23 Cyc., p. 1086.

In *Settlemeyer v. Sullivan, supra,* the method of service was shown on the writ, and was defective. There was judgment by default, the judgment reciting "That defendant, although duly served with process, came not, but made default," and it was held: "That said recital was not evidence of due service, but must be read in connection with that part of the record which sets forth, as prescribed by statute, the proof of service; that such proof must prevail over the recital, as the latter, in the absence of averment to the contrary, the record being complete, can only be considered as referring to the former." In *Mickel v. Hicks* it was held that "The recital of a judgment of 'due service' of notice cannot prevail against evidence furnished in the same record that the notice was not duly served." In *Laney v. Garbee* it was held: "That in determining whether a court had jurisdiction, the whole record must be inspected, and if the judgment itself declares that defendant, though duly served, comes not, etc., but the return found shows a service which is insufficient and unauthorized by law, the judgment must be disregarded as void." Recitals in a judgment of the service of a process are deemed to refer to the kind of service shown in other parts of the record. And speaking generally to the question in *Card v. Finch,* after referring to the principle that one not a party to a suit is not bound by a

judgment therein, but may treat it as void whenever there is an attempt to use it in prejudice of his vested rights, *Connor, J.,* said: "The learned counsel for defendants does not controvert this elementary principle. He calls to our attention several cases in which it is held, as in the cases cited by us, that if there be a recital in the record or a return on the summons showing service, the proceeding is not void, but only voidable. It is also true that in several cases the courts used the expression that a purchaser at a judicial sale is not called upon to do more than see that the decree authorizes the sale. It must be conceded that expressions may be found which, unless the facts in the case are examined, are calculated to mislead. It will be found upon a careful reading of the cases, the underlying principle is, as stated by *Mr. Justice Avery* in *Dickens v. Long,* 112 N. C., 311, 'All that the purchaser in such case is required to know is that the court had jurisdiction of the subject-matter and the person,' " and more especially in reference to *Harrison's case,* the learned judge said further: "The defendant cites a line of cases in which it is held that if the decrees, etc., recite that the parties are before the court, such recitals will support the judgment and protect it against collateral attack. Such was the case of *Harrison v. Hargrove, supra.* In this appeal the names of the defendants in the proceeding to sell the land appear and are described as the widow and heirs at law of the decedent. The summons also contains the names of the heirs at law who are made parties defendant. The recitals, therefore, in the order of sale and other decrees, that service of process was duly made 'on the defendants,' are correct and speak the truth."

Applying the principle, it appears affirmatively in the record in question that in an action strictly *in personam* no service was had within the jurisdiction of the court; that the only method attempted or relied on to acquire jurisdiction was that by publication and attachment of property, the land held under the terms of the deed of trust, and this not being the subject of levy by execution or attachment, we must adhere to the decision made on the former hearing, that the attempted judgment was a nullity. The ruling as to defendant's tax title must also be reaffirmed, the evidence showing that no notice was given or attempted to be given on the trustee, such a notice being required by the provisions of the law. See *Rexford v. Phillips,* 159 N. C., 213.

We find no error in the former disposition of the cause, and the judgment therein is reaffirmed.

Affirmed.                    PLAINTIFF'S APPEAL.

*Zebulon Weaver for plaintiff.*

*Bryson & Black, Gilmer & Gilmer, and Jones & Williams for defendant.*

HOKE, J. On the hearing of the defendant's appeal in this cause, 166 N. C., 104, an examination of the record disclosed that two issues

were determined by the jury, one as to plaintiff's ownership of the land and the second as to whether the defendant had any interest therein.

To the first of these the jury answered "Yes," and to the second, "No, except as to the interest of the Tuckaseigee Mining Company, under the decree aforesaid."

There was judgment on the verdict merely that plaintiff was the owner of the land under the deed of trust and that he recover costs. This Court, observing that the verdict on the second issue, as the record then stood, had been rendered without objection, and that the same appeared to find that defendant H. B. Whilden was the owner of the equitable interest of the Tuckaseigee Mining Company, considered it well to call attention to the fact that the judgment, as formerly entered, made no reference to this verdict on the second issue. For aught that appeared, it might have been rendered by consent of parties. The opinion having been certified down, the judge below, his Honor, E. B. Cline, at the next term of the court, being Spring Term, 1915, in deference to these intimations in the opinion, entered judgment, in effect, that plaintiff was the owner of the property under the terms of the deed of trust and that defendant H. B. Whilden is the owner of all the right, title, interest, and equities owned by and vested in the Tuckaseigee Mining Company, in the lands in controversy, and from this judgment plaintiff, having duly excepted, appealed.

It now appears on this the plaintiff's appeal that plaintiff duly excepted to the charge of the court on the second issue, directing the jury to so render their verdict if they believed the evidence, and also moved to set aside the verdict on the second issue, which was overruled, and plaintiff excepted.

Considering the case, then, on the appeal of plaintiff, we fail to see any fact in evidence or principle of law that would uphold a claim or right on the part of defendant to the equitable interest of the Tuckaseigee Mining Company. As heretofore stated, the action in which A. M. Frye undertook to recover for legal services rendered the Tuckaseigee Mining Company was one strictly *in personam*. No service of process was ever shown on the company or the trustee holding the property under a decree of the court, for the benefit of creditors first and then of the stockholders of the company, and for reasons stated in the former opinion and the petition to rehear, the attempted judgment was an absolute nullity, and no right or interest of any kind in the property was acquired by defendant under his attempted purchase at execution sale.

There is no allegation of any such interest in the pleadings, and the verdict on the second issue should, therefore, be set aside as irresponsive and irrelevant to any fact alleged or proved on the trial below, and judgment entered as it appeared on the former appeal.

Error.