MARGARET ELIZABETH SASSER BUTLER, Minor, By Her Next Friend, LEO R. BUTLER, v. R. W. WINSTON and Wife, ANNIE McKIMMON WINSTON.

(Filed 13 October, 1943.)

**1. Infants §§ 1, 14—**

The Court will never make a decree when one of the parties sues by a next friend, who has, or may have, an interest in the suit opposed to that of the infant.   And even the next friend's attorney must be equally disinterested.   A mere colorable, adverse interest is a sufficient disqualification for either.

**2. Wills § 27: Guardian and Ward § 18—**

The policy of the law will not permit an issue of *devisavit vel non* to be determined by the consent of the parties thereto, where some of them are infants.

**3. Infants § 14: Insane Persons § 15: Guardian and Ward § 18—**

In the case of infant parties, the next friend, guardian *ad litem* or guardian cannot consent to a judgment against the infant, without an investigation and approval by the court.

**4. Infants §§ 10, 12—**

The appointment of a guardian *ad litem* is to protect the interest of the infant defendant at every stage of the proceeding, and the court will not approve an order appointing a guardian *nunc pro tunc.*

**5. Guardian and Ward § 7: Infants §§ 10, 12: Estates § 11—**

In a proceeding under C. S., 1744, to sell all the contingent interest in certain lands of minors and unborn children, the petitioners, who were represented by a guardian, where judgment of sale was signed on the day before the guardian's appointment, such judgment is void.

**6. Estates § 11—**

In a proceeding, under C. S., 1744, to sell real property in which there is a contingent interest, the plaintiff must be a person having a vested interest in the property to be sold and the sale must be passed upon by the judge of the Superior Court at term. The contingent interest alone cannot be sold.

**7. Judgments § 22b: Estoppel §§ 3, 4—**

Where a judgment is void and that fact appears from the record, it cannot be pleaded as an estoppel, and is subject to collateral attack, and will be treated as a nullity.

**8. Judgments §§ 22a, 22b—**

Those claiming through the purchaser of lands, title to which is affected by a void judgment, take subject to the infirmities in the title of their predecessors.

**9. Equity § 2: Estoppel § 10—**

Any knowledge of a fact, the truth of which may be ascertained by proper inquiry, puts the party on notice and deprives him of his equity.

APPEAL by defendants from *Frizzelle, J.,* at April Term, 1943, of JOHNSTON.

This is an action in ejectment for the recovery of 187½ acres of land situate in Johnston County. The plaintiff and defendants claim the late Sarah Florence Parrish as a common source of title. The plaintiff, who is a granddaughter of the late Sarah Florence Parrish, claims title as a devisee under her grandmother's will. The defendants claim title by *mesne* conveyances from Mozelle Parrish Sasser, who was the daughter and the sole heir at law of the late Sarah Florence Parrish.

The paper writing propounded and admitted to probate in common form as the last will and testament of Sarah Florence Parrish contains, *inter alia,* the following provision: "That all my other property whatsoever, and wherever located shall go to my grandchild, Margaret Elizabeth

Sasser." This clause includes the 187½ acre tract, title to which is in controversy, and the will therefore becomes a link in the chain of title asserted by the plaintiff.

The defendants allege and contend that the paper writing propounded and admitted to probate was not the last will and testament of Sarah Florence Parrish, and that Sarah Florence Parrish died intestate, leaving as her sole heir at law her daughter Mozelle Parrish Sasser, who conveyed the lands in controversy to the predecessors in title of the defendants.

The defendants allege and contend that a judgment entered in a caveat proceeding against the paper writing propounded and admitted to probate as the will of Sarah Florence Parrish, which adjudges that said paper writing is not such will, is an estoppel to the plaintiff's asserting title thereunder; and also that a judgment of sale in a special proceeding subsequently instituted before the clerk to sell any contingent interests of the plaintiff and others in said lands, under which judgment sale was made to the predecessors in title of the defendants, is likewise an estoppel to the plaintiff's asserting title to such lands.

The plaintiff in reply alleges and contends that she is not bound by nor estopped by the judgments in either the caveat proceeding or in the subsequent attempted special proceeding instituted to sell contingent interests in the *locus in quo,* for the reason, *inter alia,* that she was an infant at the time such judgments were entered and was never properly made a party to either proceeding.

The case was submitted to the court upon an agreed statement of facts, and it was further agreed that the judge might enter his judgment out of term and out of the district. His Honor entered judgment that the plaintiff "is the owner in fee and entitled to the immediate possession of" the *locus in quo,* and ordered, "in accordance with the agreed facts . . . that all other matters in controversy in connection with said lands be and the same are retained, without prejudice, for further proceedings." To this judgment the defendants objected, and preserved exception, and appealed to the Supreme Court.

*Parker & Lee and Jane Agnes Parker for plaintiff, appellee.*
*Leon G. Stevens for defendants, appellants.*

SCHENCK, J. There are two questions presented by this appeal: first, is the plaintiff estopped by the judgment entered in a caveat proceeding to assert title to the *locus in quo* under the paper writing propounded and admitted to probate as the last will and testament of Sarah Florence Parrish; and, second, is the plaintiff estopped by the judgment of sale

entered in a proceeding instituted before the clerk to sell any contingent interests of hers, and of certain others, to assert title to the *locus in quo?*

We are of the opinion, and so hold, that both questions should be answered in the negative.

As to the judgment in the caveat proceeding: It appears from the record and the agreed statement of facts that Mozelle Parrish Sasser, the daughter and only heir at law of Sarah Florence Parrish, and Margaret Elizabeth Sasser (now Butler) filed the caveat to the paper writing propounded and admitted to probate as the will of Sarah Florence Parrish, by their next friend, one J. T. Sasser; that the next friend is the husband of one of the caveators and the father of the other and was represented by the same attorneys in both capacities; it further appears that, although represented by the same person as next friend, the interests of the caveators Mozelle Parrish Sasser and Margaret Elizabeth Sasser (now Butler) are antagonistic, for the reason that if the paper writing is upheld as the will of Sarah Florence Parrish, deceased, Margaret Elizabeth Sasser would take by devise the *locus in quo,* whereas if such paper writing is not so upheld then Mozelle Parrish Sasser, as the sole heir at law of Sarah Florence Parrish, would take by inheritance the *locus in quo,* and also her husband, J. T. Sasser, the next friend, would take an interest therein as tenant by curtesy initiate. With these antagonistic interests existing, the next friend consented to a judgment declaring that the paper writing was not the will of Sarah Florence Parrish and that she died intestate, and thereby Mozelle Parrish Sasser, her daughter, became the owner of the *locus in quo* by inheritance. The manner of thus bringing into court Margaret Elizabeth Sasser was insufficient and unauthorized by law and the judgment rendered must be disregarded as void. *Johnson v. Whilden,* 171 N. C., 153, 88 S. E., 225. "The Court will never make a decree, when one of the parties sues by a next friend and that next friend has, or may have, an interest in the suit, opposed to that of the infant. It will require another *next friend* to be appointed to attend to the cause in behalf of the infant." 4th Syllabus of *Walker v. Crowder,* 37 N. C., 478. "The Court cannot permit a suit to be carried on in the name of an infant by a next friend who can have an interest in conflict with that of the infant." *Walker v. Crowder, supra.* "If he (the next friend) has any interest at all in the suit it must be thoroughly consistent with that of his wards. Even his attorney must be equally disinterested, and a mere colorable interest is a sufficient disqualification for either, if at all adverse." *Ellis v. Massenburg,* 126 N. C., 129, 35 S. E., 240, and cases there cited.

The question involved in *Holt v. Ziglar,* 159 N. C., 272, 74 S. E., 813, was somewhat similar to the one involved in the instant case. In that case their father and mother as their guardians *ad litem* consented to an

answer to the issue of *devisavit vel non* in their own favor, and the Court said: "The policy of the law will not permit the last will and testament of a person to be set aside by consent. An issue of *devisavit vel non* is not such a proceeding as can be determined by the consent of the parties thereto, where some of them, as in this case, are infant children. So careful is the law to give effect to the disposition of property that even the witnesses to the will are regarded as the witnesses of the law and not the witnesses of any particular party." Likewise, in *Wyatt v. Berry,* 205 N. C., 118, 170 S. E., 131, where the service upon an infant represented by a guardian *ad litem* appeared not to have been made in accord with statute, and the answer filed by the guardian *ad litem* simply denied the complaint but did not disclose the interest of the infant, the judgment was held void upon its face and therefore subject to collateral attack, it is said: "The judgment is void as against the plaintiff in this action not only because she was not a party to the action in which it was rendered. It appears upon its face that the judgment was rendered by consent of the parties to the action. For that reason, if it be conceded that the plaintiff was a party defendant by virtue of the order of the court, and the appointment of the guardian *ad litem* for her, the judgment is void. It is well settled in this jurisdiction, at least, that in the case of infant parties, the next friend, guardian *ad litem,* or guardian cannot consent to a judgment against the infant, without an investigation and approval by the court. McIntosh, North Carolina Practice and Procedure, p. 721; *Keller v. Furniture Co.,* 199 N. C., 413, 154 S. E., 674; *Rector v. Logging Co.,* 179 N. C., 59, 101 S. E., 502; *Bunch v. Lumber Co.,* 174 N. C., 8, 93 S. E., 374; *Ferrell v. Broadway,* 126 N. C., 258, 35 S. E., 467."

As to the judgment in the special proceeding: The petition therein appears to have been filed by Margaret Elizabeth Sasser (now Butler) and certain other minors and unborn children, by R. E. Batton, guardian, to sell the contingent interests of the petitioners in the *locus in quo.* It appears from the record and from the agreed statement of facts that the judgment authorizing and directing the guardian R. E. Batton to sell and convey "all right, title or interest which said infants (the petitioners) may have in and to said lands upon payment by said John Moore Strong to him of the sum of $300.00" was signed by the clerk of the Superior Court of Johnston County on 16 January, 1936, whereas the appointment of R. E. Batton as guardian of Margaret Elizabeth Sasser and others was made on 17 January, 1936. It therefore appears that the judgment authorizing and directing the sale of the *locus in quo* could not have been binding upon the plaintiff who was in no wise a party to the proceeding at the time it was entered, and as to her the judgment is void. It nowhere appears that the appointment was made or attempted to be

made *nunc pro tunc,* and even if such an appointment had been so made it could not have availed the defendants. It is said in *Ellis v. Massenburg, supra,* at page 134: "We may say here that the object of the appointment of a guardian *ad litem* is to protect the interest of the infant defendant, to which protection he is entitled at every stage of the proceeding; and we cannot approve of an order appointing a guardian *ad litem nunc pro tunc.* If it is sought thereby to bind the infant by something already done when he had no opportunity for defense, it is manifestly unjust; while if it has no such effect we can see no necessity for making it retroactive."

And for the further reason the judgment pleaded as an estoppel was entered in what purports to be a special proceeding commenced before the clerk, whereas the purpose of such proceeding was to sell the contingent interests in real estate of certain minors and persons not *in esse,* and such a purpose must be accomplished, if accomplished at all, by virtue of the statute, C. S., 1744. The petition alleges in paragraph 10: "That the only right which the petitioner herein has in and to the lands described herein is a contingent interest." The statute provides that "in all cases where there is a vested interest in real estate,. and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale . . . of the property by a proceeding in the Superior Court. . . . Said proceeding may be commenced by summons by *any person* having a *vested interest* in the land, and all persons *in esse* who are interested in said land shall be made parties defendant and served with summons in the way and manner now provided by law for the service of summons in other civil actions. . . ." Since the petitioners claimed only a contingent interest in the land, and since the statute provides that the proceeding may be commenced by any person having a vested interest therein, as well as the fact that the proceeding was instituted before the clerk instead of being brought at term by summons as in other civil actions, it would appear that the proceeding was a nullity for want of jurisdiction and the judgment therein void. *Smith v. Witter,* 174 N. C., 616, 94 S. E., 402.

It further appears that the proceeding was not in accord with the statute in that it was for the purpose of selling contingent interests separately instead of the whole estate. *Pendleton v. Williams,* 175 N. C., 248, 95 S. E., 500, and cases there cited; *Dawson v. Wood,* 177 N. C., 158, 98 S. E., 459. In the case of *Lide v. Wells,* 190 N. C., 37, 128 S. E., 477, the Court declined to uphold an order of sale made in a proceeding which fell short of a compliance with C. S., 1744.

Both of the judgments relied upon by the defendants as an estoppel to the plaintiff asserting title to the *locus in quo* being void, and this

fact being apparent from the records, such judgments are subject to collateral attack, and will be treated everywhere as a nullity. *High v. Pearce,* 220 N. C., 266, 17 S. E. (2d), 108; *Clark v. Homes,* 189 N. C., 703, 28 S. E., 20, and cases there cited; *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716. And those claiming through the purchaser of the lands, title to which are effected thereby, take title subject to the infirmities in the title of their predecessors. "He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title and thus takes it with the burden attending it." *Dudley v. Jeffress,* 178 N. C., 111, 100 S. E., 253. If Mozelle Parrish Sasser, the defendants' predecessor in title, could not successfully plead the estoppel, the defendants cannot do so. *Trust Co. v. White,* 189 N. C., 281, 126 S. E., 745. In deraigning their title the defendants were bound by any infirmity discoverable in the title of their predecessors in title, *Smith v. Fuller,* 152 N. C., 7, 67 S. E., 48, and any vitiating fact, the truth of which might have been ascertained by proper inquiry, deprives a party of the defense of being an innocent purchaser. "It is a well settled rule that any knowledge of a fact, the truth of which may be ascertained by proper inquiry, puts the party on notice, and deprives him of his equity. *Ijames v. Gaither,* 93 N. C., 358." *Whitted v. Fuquay,* 127 N. C., 68, 37 S. E., 141.

All of the facts which the plaintiff urges to invalidate the judgments in the caveat proceeding and in the proceeding to sell contingent interests in real estate and pleaded by the defendants as estoppel to her asserting title to the *locus in quo,* appeared on the records and were easily discoverable upon examination. The defendants' predecessors in title were fixed with the knowledge of the records, and through them the defendants were likewise fixed with such knowledge. Hence, the contention of being innocent purchasers cannot avail the defendants.

The judgment of the Superior Court is

Affirmed.